UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>THEODORA BELT, BAILEY BELT,<br><br>Defendants. | 3:23-CR-30067-RAL<br><br>ORDER ON PENDING MOTONS |

The United States indicted Defendants in a five-count indictment. Doc. 27. Defendants have pleaded not guilty and are set to be tried together during the week of June 24, 2024. Each defendant has been appointed separate counsel. Docs. 49, 53. On May 21, 2024, Defendant Bailey Belt filed two motions with this Court, one seeking additional peremptory challenges and the other requesting access to the juror list and questionnaires ahead of trial. Docs. 109, 110. Defendant Theodora Belt joined Bailey's two motions. Docs. 111, 112.

Defendants request an additional 10 peremptory challenges so that each defendant may have 10. Defendants argue that it would be fundamentally unfair to share peremptory challenges when their interests are not aligned and potentially have inconsistent theories of the case. Under Federal Rule of Criminal Procedure 24(b)(2), "[D]efendants jointly have 10 peremptory challenges," and the decision on whether to grant additional challenges beyond the 10 specified in Rule 24(b)(2) is within the sound discretion of the trial court. United States v. Cartwright, 528 F.2d 168, 175 (7th Cir. 1975); see also United States v. Johnson, 362 F. Supp. 2d 1043, 1071 (N.D. Iowa 2005). Of course, "[e]ach side is entitled to . . . one additional peremptory challenge . . . when one or two alternates are impaneled." Fed. R. Crim. P. 24(c)(4)(A). This Court has granted one additional challenge per defendant previously, United States v. Lone Eagle, 15-CR-30050-RAL, Doc. 89, and has denied any additional

1

challenges previously, United States v. Waloke, 16-CR-30148-RAL. This Court will defer ruling on the request for an additional peremptory challenges for each defendant until the pretrial conference and motion hearing, but is highly unlikely to grant anywhere close to an additional ten challenges to the defendants.

Defendants also seek access to the juror list and questionnaires 14 days before trial. Docs. 109, 112. Counsel for Bailey explains that he is unavailable to travel from Rapid City to the Pierre Clerk of Court's Office the week preceding trial to review the list and questionaries. However, defense counsel need not travel to Pierre or be present in the Pierre Clerk of Court's office to review the juror list and questionaries. As soon as the Clerk of Court's Office has created the list, which occurs ten days before trial, counsel will have access to the material. Therefore, it is hereby

ORDERED that Defendants' motions for access to the juror list and questionnaires is denied to the extent that they request access 14 days before trial. But the Clerk of Court's Office shall provide to counsel for the Defendants through CM/ECF or otherwise in electronic form all information regarding prospective jurors drawn for the jury panel in this case, including the questionnaires of those jurors summoned to sit as prospective jurors on this case as soon as they are available. Counsel is expected to keep that information confidential and use it only for jury selection.

DATED this 22nd day of May, 2024.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE