UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>THEODORA BELT, a/k/a Tho Belt, and BAILEY BELT,<br><br>Defendant. | 3:23-CR-30067-RAL<br><br><br>OPINION AND ORDER ON MOTIONS IN LIMINE |

### I. Background

A grand jury indicted Defendants Theodora Belt, a/k/a Theo Belt, and Bailey Belt with one count of second-degree murder of Elijah Morrison, one count of assault of Elijah Morrison with a dangerous weapon, one count of assault of Elijah Morrison resulting in serious bodily injury, and aiding and abetting each other in committing those offenses. Defendant Bailey Belt is also charged with additional counts of assault with a dangerous weapon and assault resulting in serious bodily injury on Canon Morrison. Defendants have pleaded not guilty to the charged offenses and have exercised their right to a jury trial. On June 24, 2024, this Court held a pretrial conference and motion hearing, where it heard argument and ruled on various pending motions, including motions in limine. Docs. 109, 124, 125, 134, 135. This Court now formalizes its rulings with this Opinion and Order.

### II. Legal Standard

Rulings on motions in limine are by their nature preliminary. United States v. Spotted Horse, 916 F.3d 686, 693 (8th Cir. 2019). They "developed pursuant to the district court's inherent authority to manage the course of trials," Luce v. United States, 469 U.S. 38, 41 n.4 (1984), and are "specifically designed to streamline the presentation of evidence and avoid unnecessary mistrials," Spotted Horse, 916 F.3d at 693. This practice helps safeguard the jury from hearing evidence so prejudicial that its mention could not be

1

remedied through a corrective instruction. <u>Motion in limine</u>, Black's Law Dictionary (11th ed. 2019). Rulings on motions in limine necessarily occur before the nature and relevance of the evidence can be placed in full context. See <u>Spotted Horse</u>, 916 F.3d at 693. Therefore, a district court has broad discretion when ruling on motions in limine and retains the authority to revisit and change its rulings based on how the case unfolds. <u>Luce</u>, 469 U.S. at 41–42. If this Court grants a motion in limine to exclude certain information, that information must not be mentioned during voir dire, opening statements, questioning or answering by witnesses, or closing arguments, unless counsel outside the hearing of the jury obtains from this Court a contrary ruling.

**III.   Discussion**

Defendant Bailey Belt moved in limine to exclude from evidence (1) Defendants' prior arrests, convictions, or interactions with law enforcement, (2) Prior Convictions if Defendants testify and other bad acts, (3) Defendants invoking their right to remain silent, (4) Bailey Belt's Conduct on pre-trial release, (5) Graphic and Gruesome Photographs, (6) Photographs of Bailey Belt's Wallet, (7) Statements by Bailey Belt to Law Enforcement, (8) Opinion Evidence as to Cause of Car Fire, and (9) Photographs of the Belts in jail clothing. Doc. 124. Co-Defendant Theodora Belt joined Defendant Bailey Belt's motion in limine and filed an independent motion in limine, Doc. 134, seeking to exclude (1) allegations that she had outrun law enforcement in a vehicle chase in an unrelated event and (2) allegations that she would sometimes keep a firearm in her car. Doc. 134. The United States's motion in limine does not seek to exclude any evidence not already addressed by Defendants' motions in limine. See Doc. 135. Rather, the United States's motion in limine is more appropriately viewed as a response to Defendants' motions. See id.

Ordinarily, this Court addresses the motions in limine in the order in which they are filed. But because these motions cover the same topics and are more or less responsive to one another, this Court finds it more appropriate to address the motions and their subparts topically.

**A.   Defendants' Prior Arrests, Convictions, or Interactions with Law Enforcement**

Defendants move to preclude any comment on or reference to, either directly or indirectly, Defendants' prior criminal arrests, convictions, or interactions with law enforcement for purposes of

2

impeachment or with the United States's case-in-chief. Generally, under Rule 609(a), a defendant's prior conviction may be used to attack their character for truthfulness, should they choose to testify, if the crime of conviction was a felony offense and "the probative value of admitting this evidence outweighs its prejudicial effect" to the Defendants. United States v. Collier, 527 F.3d 695, 699 (8th Cir. 2008); see United States v. Stoltz, 683 F.3d 934, 938–39 (8th Cir. 2012) (discussing how Rule 609(a) applies to witnesses generally, not a defendant who testifies). And "for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime require proving—or the witness's admitting—a dishonest act or false statement." Fed. R. Evid. 609(a)(2); United States v. Smart, 60 F.4th 1084, 1092 (8th Cir. 2023). "Evidence of a conviction requiring proof or admission of an act of dishonesty or false statement is automatically admissible and not subject to Rule 403 balancing." Collier, 527 F.3d at 700. But admission of a defendant's prior conviction occurs only if the defendant testifies or if the prior crime must be proven as an element of the offense charged.

Defendant Theodora Belt also seeks to exclude evidence that she had previously outrun law enforcement in a pursuit and would at times keep a firearm in her car. The United States has not yet provided notice of its intent to present evidence of other crimes, wrongs, or bad acts. As Rule 404(b)(1) states, "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Yet, evidence of prior crimes, wrongs, or acts "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Exclusion of evidence under Rule 404(b) is generally reserved for "when the evidence clearly ha[s] no bearing on the case and [is] introduced solely to show defendant's propensity to engage in criminal misconduct." United States v. Walker, 428 F.3d 1165, 1169 (8th Cir. 2005) (citation omitted).

The United States had no objection to Defendants' motions and disavowed any intention to offer evidence of Defendants' prior criminal history, bad acts, reputation, or character. Doc. 135 at 1–2. "The United States does not intend to elicit testimony of either Defendants' prior bad acts or criminal history"; nor does it intend to offer evidence of either Defendant's reputation or character. Doc. 135 at 1–2. The

3

United States also expressed that it "will not seek testimony about Theodora Belt outrunning law enforcement" or "keeping a firearm on occasion in her vehicle." Id. Therefore, Defendants' joint motion to exclude evidence of prior arrests, convictions, and interactions with law enforcement is granted. Doc. 124 at 3; see also Doc. 134 at 1. Defendant Theodora Belt's motion to exclude reference to her outrunning police or having a gun in the car is granted.

### B. Invocation of Right to Remain Silent

Next, Defendants seek to prohibit the United States from referencing or commenting on their invocation of the rights to remain silent or to counsel after receiving Miranda warnings. Doc. 124 at 4; see also Doc. 134 at 1. Defendants also move to exclude any statements made to law enforcement that the United States may seek to admit at trial. Doc. 124 at 6. Under Miranda, a person subject to custodial interrogation must "be advised immediately that he has the right to remain silent, that anything he says may be used against him, and that he has a right to retained or appointed counsel before submitting to interrogation." Doyle v. Ohio, 426 U.S. 610, 617 (1976). The Miranda warnings implicitly assure every recipient that exercising such rights will not be used against them at trial. Id. at 618–19. "[I]t would be fundamentally unfair and a deprivation of due process to allow" a defendant's credibility to be impeached because they exercised a constitutionally protected right. See id. at 618.

The United States had no objection and expressed that it "will not elicit testimony about [Defendants] invoking [their] right to silence." Doc. 135 at 3. The United States had no statements to disclose under Federal Rule of Criminal Procedure 16(a) because neither Defendant made a statement to law enforcement. Thus, Defendants' motion is granted, and the United States shall not refer to or comment on Defendants invoking their Fifth Amendment right to remain silent or their right to counsel.

### C. Pretrial Release Conduct

Defendants seek to exclude any testimony or discussion of conduct while on pretrial release, including a pending investigation of Bailey Belt for a felony sex crime that he allegedly committed while on pretrial release. The United States had no objection and "will not seek testimony on the behavior of either defendant while on pretrial release." Doc. 135 at 2. That said, the United States reserved its right to

present such evidence for impeachment purposes. Id. Therefore, Defendants' motion to exclude reference to or comment on pretrial-release conduct is granted to the extent that the United States may not elicit in their case-in-chief testimony of Defendants' pretrial-release conduct. If Defendant Bailey Belt testifies, then this Court will determine whether any of his conduct on pretrial release is proper for impeachment, which will hinge, of course, on what he might say.

### D. Graphic or Gruesome Photographs

Defendants move to preclude the admission of photographs of injuries to Elijah Morrison and Canon Morrison, as well as autopsy photographs of Elijah Morrison. Defendants argue that such photos are unnecessary to present the nature and severity of the alleged victim's injuries. Alternatively, should the Court allow the admission of such photographs, Defendants request an order limiting the number of photographs admitted, arguing that they become cumulative. This Court defers ruling on which or how many photos should be admitted, though it intends to allow some photographs of the alleged victims' injuries. As to autopsy photos, this Court will await the testimony of Dr. Snell to determine whether all the 14 identified autopsy photos (out of some 100 total autopsy photos) will be received in evidence.

### E. Bailey Belt's Wallet

Defendants seek to exclude any photographs of Bailey Belt's wallet, which is embossed with the words "anti-social." Defendants argue that Bailey's wallet is not material to this case and would only mislead and confuse the jury, as well as permit jurors to engage in prejudicial speculation. The United States had no objection and "will not introduce photos of the wallet, nor will [it elicit] testimony [about] the wallet." Thus, Defendants' motion to exclude photographs of Bailey Belt's wallet, Doc. 124 at 6, is granted. See also Doc. 134.

### F. Evidence as to Cause of Car Fire

Defendants request an order precluding the admission of expert testimony about the nature, cause, or origin of a car fire at the scene where the charged offense took place. The Defendants' motion is limited to expert opinion testimony, not factual testimony about the existence of a car fire by lay witnesses. The Defendants are not on trial for arson and have not been charged with arson. The United States expects that

witnesses will comment about the existence of a car fire but "will not introduce opinion evidence as to the cause of the fire." The Defendants recognize that the fact of the vehicle fire will be part of the evidence. Thus, this Court grants Defendants' motion to exclude expert opinion testimony about the nature, cause, or origin of the car fire.

### G. Photographs of Defendants in Jail Clothing

Defendants also move to preclude the admission of photographs depicting Defendants in prison clothing, arguing that the photos are not relevant to any material issue and that their only purpose is to inflame the jury. The United States resists Defendants' motion, explaining that the photos are necessary to illustrate injuries the Defendants sustained or did not sustain in allegedly carrying out the charged offenses and to refute any claims of self-defense. At the pretrial conference, the United States expressed its intent to offer exhibits 86, 87, 97–99, 104–106, and 108–112. This Court finds that the photos' probative value is not substantially outweighed by the risk of unfair prejudice. And any prejudice that could result from the admission of the photos taken while Defendants were in custody can be adequately mitigated by a limiting instruction. Thus, Defendants' motion to exclude from evidence photos of Defendants that happened to be taken while they were wearing prison clothing is denied.

### IV. Other Pending Motions

#### A. Oral Sequestration Motion

The United States made an oral motion to sequester all witnesses, except for one investigator or case agent for both the United States and Defendant. "The purpose of sequestration is to prevent witnesses from tailoring their testimony to that of prior witnesses and aid in the detection of dishonesty." United States v. Engelmann, 701 F.3d 874, 877 (8th Cir. 2012) (citation omitted). "At a party's request, the court must order witnesses excluded from the courtroom so that they cannot hear other witnesses' testimony." Fed. R. Evid. 615; see Engelmann, 701 F.3d at 877. Generally, a "district court is granted wide latitude in implementing sequestration orders." Engelmann, 701 F.3d at 877 (citation omitted). And "the decision whether to allow the government's agent to testify even though the agent sits at the counsel table throughout the trial is left to the trial court's discretion." Id. (cleaned up and citation omitted). Therefore, all

6

witnesses—whether for the United States or Defendant—will be sequestered, except for Special Agent Alexa D'Acunto.

### B. Motion for Additional Peremptory Challenges

Defendants had previously moved for ten additional peremptory challenges per defendant. Doc. 109 Shortly after, this Court entered an order deferring ruling on Defendants' motion until the pretrial conference and motion hearing but expressed reservation about granting anywhere close to ten additional challenges per defendant. Doc. 113. As explained on the record at the June 24, 2024 pretrial conference and motion hearing, this Court granted one additional peremptory challenge per defendant. The Defendants are blood relatives and appear not to have any adversarial relationship, theory of the case, or defense.

### C. Motion for Lesser-Included Instruction

Defendants also seek an instruction on voluntary manslaughter as a lesser-included instruction to second-degree murder. Doc. 125. As explained on the record, this Court defers ruling on whether a lesser-included instruction is appropriate until after hearing the evidence to determine whether the factors outlined in United States v. Crawford, 413 F.3d 873 (8th Cir. 2005), warrant a lesser-included instruction. One of the factors this Court must consider when determining the appropriateness of a lesser-included instruction is whether "there is evidence such that the jury may find the defendant innocent of the greater and guilty of the lesser-included-offense." Crawford, 413 F.3d at 876. Without having heard any evidence, this Court is unable to fully and accurately consider the factors outlined in Crawford.

### V. Conclusion

Therefore, for good cause, it is hereby

ORDERED that Defendant Bailey Belt's Motion in Limine, Doc. 124, is granted to the extent explained above. It is further

ORDERED that the Defendant Theodora Belt's Motion in Limine and motion joining Bailey Belt's Motion in Limine, Doc. 134, is granted to the extent explained above. It is further

ORDERED that the United States's oral motion for sequestration is granted. It is further

7

ORDERED that Defendants' Motion for Additional Peremptory Challenges, Doc. 109, is granted only to the extent that each defendant receives one additional peremptory challenge. It is further

ORDERED that this Court defers ruling on Defendants' Motion for a Lesser-Included Instruction, Doc. 125, at this time. See also Doc. 132 (motion joining Bailey Belt's motion for lesser-included instruction).

DATED this 25th day of June, 2024.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE